(26 App. Div. 538.)

## ENRIGHT v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.   March 29, 1898.)

1. DEPOSITIONS—INCOMPETENT EVIDENCE.

In an action to recover damages sustained through the defendant's negligence, defendant's application to take the testimony of a physician, upon commission, in respect of certain statements made to him by the plaintiff concerning the circumstances under which the injury was received, and in respect of what took place between him and another physician at the time of their consultation respecting plaintiff's condition, was denied. *Held*, that as the physician was incompetent to testify as to statements made to him by the plaintiff while he was treating her, and as it was quite doubtful whether this did not embrace statements concerning how the injury was received, the court below was justified in not anticipating a condition which would make his testimony competent.

2. SAME.

Upon the oral argument, defendant's counsel limited his range of inquiry to what transpired at the consultation, and respecting plaintiff's prior condition, claiming this because the other physician might be called, and thereby open the door to make the proposed witness competent. Plaintiff thereupon stipulated not to call the other physician with reference to the only consultation he had with the proposed witness. *Held*, that the case was not sufficient to call for the issuing of the commission.

Appeal from special term, Kings county.

Action by Mary McK. Enright against the Brooklyn Heights Railroad Company. From an order denying defendant's motion to take testimony by commission, it appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John L. Wells, for appellant.
Albridge C. Smith, for respondent.

PER CURIAM.   This is an application to take the testimony of Dr. Peter A. E. Boetzkes, a physician, upon commission.   The action is to recover damages for injuries claimed to have been sustained through the negligence of the defendant.   Boetzkes was the attending physician of the plaintiff, and the affidavit states that the defendant desires the physician's testimony in respect of what took place between himself and Dr. McNaughton at the time of the consultation between them respecting the condition of the plaintiff; also in respect of certain statements made by the plaintiff to this physician concerning the circumstances under which the injury was received, and the number of times the physician attended her.   It cannot be very material as to the number of times the defendant attended the plaintiff, as it is not a subject-matter of much dispute. It is quite clear that the physician may not testify to the statements made by the plaintiff to him at the time he was treating her.   It is also quite doubtful if this does not embrace statements concerning how the injury was received.   The court below denied the application, on the ground of the physician's incompetency to testify; and we agree with it that the court may not anticipate a condition which would make his testimony competent.

Upon the oral argument, defendant's counsel limited his range of inquiry to what transpired at the consultation, and respecting the plaintiff's prior condition, claiming that he was entitled to this much in view of the fact that Dr. McNaughton would be called, and thereby open the door so as to make the witness competent to testify. The plaintiff's counsel, in answer to this, stipulates that he will not call Dr. McNaughton with reference to the only consultation he had with the witness proposed to be examined. It would therefore seem as if the case was not sufficient to call for the issuing of a commission to take his testimony.

The order should therefore be affirmed, but, in view of the stipulation, without costs.